UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR HOLMES,<br><br>　　　　Petitioner<br><br>vs.<br><br>DIRECTOR NEVADA DEPARTMENT OF CORRECTIONS, et al.<br><br>　　　　Respondents. | Case No. 2:15-cv-01445-JAD-NJK<br><br>**Order Referring Action to the Court of Appeals under Circuit Rule 22-3(a) for Authorization, Granting IFP Application, Denying Motion for Appointment of Counsel, and Administratively Closing Case**<br><br>[ECF 4, 5] |

　　　　By this petition, Victor Holmes challenges the validity of the judgment of conviction in the Eighth Judicial District Court of the State of Nevada in *State v. Holmes*, Case No. 02C184507-2. Petitioner challenged the same judgment of conviction in this court in *Holmes v. Smith*, Case No. 3:09-cv-00337-LRH-RAM. The court dismissed that action under 28 U.S.C. § 2244(d) because it was untimely, and the court denied a certificate of appealability.[1] Petitioner appealed, and the court of appeals denied a certificate of appealability.[2]

**A.　Petitioner Must Obtain Permission from the Court of Appeals before Proceeding with this Petition.**

　　　　When a section 2254 habeas petition is dismissed as untimely, as petitioner's 2009 petition was, a subsequent petition is considered "second or successive for purposes of . . . 28 U.S.C. § 2244(b)." *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009). Typically, "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims." *Id*. Before the district court can consider a second or successive petition, a petitioner must first obtain authorization to proceed from the court of appeals. 28 U.S.C. § 2244(b)(3); Ninth Circuit Rule 22-3. Because it does not appear that petitioner has sought or obtained that permission before filing this action, the court now refers this case to the Ninth Circuit

---

　　　　[1] ECF 3, 6, 11 in case 09-cv-337-LRH-RAM.

　　　　[2] ECF 12 in case 09-cv-337-LRH-RAM.

Court of Appeals and administratively closes this action while petitioner seeks permission under 28 U.S.C. § 2244(b)(2) and Circuit Rule 22-3(a) to pursue this action.

**B.    Petitioner is granted *in forma pauperis* status.**

Petitioner has filed an application to proceed *in forma pauperis*.[3] The court finds that petitioner is unable to pay the filing fee and grants the motion. Petitioner will not be required to pay the $5 filing fee.

**C.    The request for counsel is denied.**

Petitioner has also moved for appointment of counsel.[4] The court denies this motion without prejudice at this time because the court is referring this petition to the court of appeals under Circuit Rule 22-3(a).

**Order**

IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* **[ECF 4] is GRANTED**. Petitioner need not pay the filing fee of $5.00.

IT IS FURTHER ORDERED that the motion for appointment of counsel **[ECF 5] is DENIED.**

The clerk of the court is directed to **file the petition** for a writ of habeas corpus in accordance with 28 U.S.C. § 2254, **add Adam Paul Laxalt,** Attorney General for the State of Nevada, as counsel for respondents and **electronically serve respondents** with a copy of the petition and a copy of this order. No response by respondents is necessary.

The Clerk of the Court is further directed to **refer this action to the United States Court of Appeals for the Ninth Circuit under Circuit Rule 22-3(a)** and administratively **close this action**.

DATED: October 30, 2015

_____
JENNIFER A. DORSEY
United States District Judge

---

[3] ECF 4.

[4] ECF 5.